United States District Court
Southern District of Texas
**ENTERED**
April 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-16-436 |
| | § | |
| KARINA DEL CARMEN NUNEZ-ARIAS | § | |

**AMENDED MEMORANDUM OPINION AND ORDER**

The Court hereby withdraws the Order entered in this case on April 16, 2021 (Docket Entry No. 56), and enters this Amended Memorandum Opinion and Order in its place and stead.

Defendant Karina Del Carmen Nunez-Arias, a federal prisoner proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 52.) The Government filed a response, stating that defendant did not exhaust her prison remedies. The Government further argued that, even assuming exhaustion, relief is unwarranted. (Docket Entry No. 54.) The Government asks that its response be deemed timely filed (Docket Entry No. 53) and ordered filed under seal (Docket Entry No. 55).

Having considered the motions, the response, the record, matters of public record, and the applicable law, the Court DEEMS the Government's response timely filed, ORDERS it filed under seal, and DENIES defendant's motion for compassionate release for the reasons shown below.

*Background*

Defendant is a 42-year-old female prisoner currently confined at the Bureau of Prisons ("BOP") Aliceville FCI in Alabama. On October 17, 2016, defendant pleaded guilty to conspiring to launder money in violation of 18 U.S.C. §§ 371 and 1956(a)(1)(B)(i), based on her role in accepting and laundering bribe proceeds while employed as a procurement official at Petróleos de Venezuela, S.A., Venezuela's state-owned and state-controlled oil company. On May 23, 2019, the Court sentenced her to 36 months' imprisonment, to be followed by one year of supervised release. BOP records indicate that defendant's anticipated release date is January 26, 2022. The parties agree that the Bureau of Immigration and Customs Enforcement ("ICE") has a pending detainer lodged against her.

As extraordinary and compelling reasons for a compassionate release, defendant states that she has chronic asthma. She asks the Court to grant the motion, reduce her sentence to time served, and allow her to return home in Florida.

*Legal Standards*

Defendant brings this motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A). Compassionate release provisions under

section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. However, the Fifth Circuit Court of Appeals recently held that the U.S. Sentencing Commission's compassionate release policy statement does not bind district courts in considering prisoners' motions under 18 U.S.C. § 3582(C)(1)(A). *United States v. Shkambi*, ___F.3d ____, No. 20-40543 (5th Cir. April 7, 2021). Accordingly, the district court is free to determine whether a defendant's particular medical or other condition constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a section 3582(c)(1)(A) motion has the burden to establish that relief is warranted in his case.

The court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of

the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" warrant a sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

### *Analysis*

#### *Exhaustion*

The Government states that defendant did not exhaust her administrative remedies prior to filing the pending motion. A review of defendant's motion does not establish that she requested a compassionate release from the Aliceville FCI warden based on asthma. "Proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request." *United States v. Moser*, 2020 WL 7695998, at *2 (N.D. Tex. Dec. 24, 2020) (citing *United States v. Knox*, 2020 WL 4432852, at *1 (N.D. Tex. July 31, 2020)). Defendant has not afforded the BOP a first opportunity to assess the merits of her request predicated on asthma.

Consequently, defendant's motion for a compassionate release is DENIED for failure to exhaust. *See United States v. Franco*, 973 F.3d 465 (5th Cir. 2020) (holding that the

statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is not jurisdictional but that it is mandatory").

Even assuming defendant had exhausted administrative remedies prior to filing her motion, she would not be entitled to relief, as shown below.

*ICE Detention*

The parties agree that ICE currently has a detainer lodged against defendant. Thus, if the Court were to grant relief and reduce defendant's sentence to time served, she would be released to ICE custody. The Court would not be able to grant defendant's request that she be allowed to return home in Florida.

*Extraordinary and Compelling Reasons*

Defendant claims that her long-term, chronic asthma places her at high risk for serious illness or death should she contract COVID-19 while in prison.

Defendant's court, prison, and medical records do not support her claim of having long-term, chronic asthma. (Docket Entry No. 54, Exhibits A, D.) In her May 2019 PSR in this case, defendant reported being in good health with no history of health problems. (Docket Entry No. 33, ¶ 46.) In her initial BOP health screening in July 2019, she did not report any existing medical conditions, including respiratory conditions. *Id.*, Exhibit A, p. 7. During a follow-up screening in September 2019, defendant mentioned having pain in her mouth and lower lip, but she again did not report any existing respiratory conditions. *Id.*, pp. 1–3.

In the following year, on August 21, 2020, defendant complained of shortness of breath and numbness in her hands. She reported a history of anxiety, although the chart noted there was no diagnosis of anxiety in her records. *Id.*, pp. 17–18. She was "referred to psychology" for evaluation. *Id.*, p. 18. Not until September 9, 2020, did defendant claim to have a lifelong history of asthma. On that date, defendant complained of having "intermittent chest pain for several months." *Id.*, p. 14. Defendant informed the medical provider that she "has a history of asthma since childhood," but the provider noted in the record that "this is not documented." Defendant told the provider that she believed her current problem was asthma. *Id.* Defendant was examined and noted to have a dry cough but no wheezing or shortness of breath. Her lungs were clear and without rales. She was given a nebulizer breathing treatment and prescribed an inhaler to use when needed. *Id.*, p. 15. Chest x-rays taken on September 21, 2020, were reported as unremarkable, with no evidence of an acute cardiopulmonary process. *Id.*, p. 61. No documented episodes of wheezing or asthmatic exacerbation appear in the records. A second set of chest x-rays, taken on January 22, 2021, showed hyperinflation of the lungs but no changes from the earlier x-rays. *Id.*, p. 55. Defendant's COVID-19 test result was reported as negative on January 22, 2021. *Id.*, p. 36. On March 17, 2021, defendant's request for an inhaler refill was processed. *Id.*, p. 1.

In its March 29, 2021, update of medical conditions that can affect an individual's risk related to COVID-19, the Centers for Disease Control and Prevention (the "CDC") included asthma, if it is "moderate to severe," as one of a number of conditions that "can make you

more likely" to become severely ill from COVID-19.[1]  However, there is no indication in defendant's medical records that her asthma is moderate to severe or has been diagnosed as moderate to severe.  The records show that defendant's condition is being controlled by her use of an inhaler when needed.  Defendant does not demonstrate that her asthma is uncontrolled or that her controlled asthma puts her at high risk for serious illness or death should she contract COVID-19.  Defendant further does not show that her asthma substantially diminishes her ability to provide self-care in prison.  In short, defendant fails to establish that her controlled asthma is an extraordinary and compelling reason for granting a compassionate release.

Nor does defendant show an increased risk of serious illness or death from COVID-19 due to her confinement at Aliceville FCI.  The facility currently reports having two prisoners with positive COVID-19 test results.  A total of 103 prisoners have recovered from COVID-19 infections at the facility, with no reported inmate deaths.[2]  Although defendant expresses legitimate and common concerns regarding COVID-19, she does not establish that her facility cannot manage an outbreak or that the facility could not treat her if she were to contract the virus.  Moreover, the BOP reports that it is working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure the BOP remains

---

[1] CDC, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/needextra-precautions/people-with-medical-conditions.html.

[2] *See* https://www.bop.gov/coronavirus/ (accessed on April 17, 2021).

7

prepared to receive and administer the COVID-19 vaccine as it is made available. The BOP has received 137,055 doses and administered 135,263 doses of the COVID-19 vaccine as of April 17, 2021.[3] Defendant does not establish that her current confinement gives rise to extraordinary and compelling reasons for granting a compassionate release.

No extraordinary and compelling reasons for a compassionate release are shown by defendant's circumstances presented in this motion. Nevertheless, the Court will address the applicable sentencing factors under 18 U.S.C. § 3553(a), as follows.

*Sentencing Factors*

Defendant does not demonstrate that the applicable factors set forth under 18 U.S.C. § 3553(a) weigh in favor of her early release. These factors include, as applicable:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020); 18 U.S.C. § 3553(a).

The Government acknowledges that defendant was a first-time offender and that her criminal conduct was non-violent, and that she has served more than half of her 36-month sentence. These factors, standing alone, could weigh in favor of relief. However, the

---

[3] *See* https://www.bop.gov/coronavirus/ "COVID-19 Vaccine Implementation" (accessed on April 17, 2021).

Government argues, and the record shows, that defendant pleaded guilty to conspiring to launder money under 18 U.S.C. §§ 371 and 1956(a)(1)(B)(i), based on her role in accepting and laundering bribe proceeds while employed as a procurement official at Petróleos de Venezuela, S.A. That is, defendant accepted bribes in her position as an official at a Venezuelan state-owned and state-controlled oil company. According to the PSR in her case, financial records identified at least eight bribe payments totaling $1,846,966.91 provided to defendant by one co-conspirator between August 1, 2011, and September 11, 2013, and at least twenty-six bribe payments provided to defendant by a second co-conspirator totaling $1,391,753.28 between May 19, 2011, and October 1, 2013. Consequently, defendant accepted at least 34 bribe payments totaling over $3.2 million during commission of the criminal offense in this case. (Docket Entry No. 33, ¶ 18.) Her criminal conduct weighs heavily against the granting of relief.

Consideration of the applicable sentencing factors leads this Court to conclude that relief under 18 U.S.C. § 3582(C)(1)(A) would not be merited in this case. The Court finds that reducing defendant's sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence.

## *Conclusion*

For these reasons, the Court ORDERS as follows:

1. Defendant's motion for compassionate release (Docket Entry No. 52) is DENIED.

2. The Government's motion to deem its response timely filed (Docket Entry No. 53) is GRANTED.

3. The Government's motion to seal its response (Docket Entry No. 55) is GRANTED. The response (Docket Entry No. 54) is ORDERED filed under seal and shall remain under seal until further order of this Court.

Signed at Houston, Texas, on April ___19th___, 2021.

_____
Gray H. Miller
Senior United States District Judge